UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELDRIDGE ANDREWS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2182** |
| **ACE AMERICAN INSURANCE COMPANY, ET AL.** | **SECTION: "P" (2)** |

## ORDER AND REASONS

Before the Court is the Motion for Leave to Intervene[1] filed by Edward J. Womac, Jr. & Associates, LLC ("Womac Law Firm"). The motion is unopposed.[2] Having considered the motion and the applicable law, **IT IS ORDERED** that the Motion for Leave to Intervene is **DENIED**; however, Womac Law Firm is granted leave to file a revised motion and a revised proposed complaint addressing the issues identified herein.

### I.   BACKGROUND

Plaintiff, Eldridge Andrews, originally filed a petition for damages in the Civil District Court for the Parish of New Orleans on June 3, 2024.[3] The case was removed to this Court on September 5, 2024, and Womac Law Firm filed the instant motion on October 8, 2024. In the instant motion, Womac Law Firm asserts that it previously represented Andrews for approximately 14 months before Andrews discharged it "without cause" and retained new counsel.[4] Womac Law Firm now seeks to intervene in this action and preserve its claim for a contingency fee and expenses.

---

[1] R. Doc. 7.
[2] *Id.* at ¶ V.
[3] R. Doc. 1-1.
[4] R. Doc. 7 at ¶ IV.

**II.     LAW AND ANALYSIS**

Federal Rule of Civil Procedure 24 governs interventions.[5] A court must permit anyone to intervene in an action who claims "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[6] Under Louisiana Revised Statute § 37:218, "[b]y written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property."[7] If either the attorney or client files and records such a contract with the clerk of court in the parish where the action will be brought or is pending, or with the clerk of court of the parish in which the client resides, any subsequent "settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made."[8]

A contingency fee contract constitutes a direct, substantial, legally protectable interest in the property or transaction that forms the basis of the controversy.[9] However, the Fifth Circuit has interpreted Louisiana Revised Statute § 37:218 to recognize an attorney's contingency fee interest in a litigation when there is a written agreement signed by the parties and recorded with the appropriate clerk of court.[10] It appears that Womac Law Firm omitted the relevant contingency fee contract from its proposed complaint and does not allege (or provide evidence) that the contract

---

[5] FED. R. CIV. P. 24.
[6] FED. R. CIV. P. 24(A)(2).
[7] LA. R.S. § 37:218(A).
[8] *Id.*
[9] *Premier, Inc. v. Com. Underwriters Ins. Co.*, 2004 WL 32918, at *3 (E.D. La. Jan. 5, 2004).
[10] *Walker v. Dupart*, 2021 WL 6495355, at *1 n.2 (E.D. La. Feb. 22, 2021).

was appropriately recorded.[11] Accordingly, it is not appropriate to grant Womac Law Firm's motion in its present form.

### III. CONCLUSION

For the foregoing reasons, the Motion for Leave to Intervene[12] is **DENIED**.

**IT IS FURTHER ORDERED** that Womac Law Firm is **GRANTED** leave to file, within seven (7) days, an amended motion and amended proposed complaint including as an exhibit the relevant contingency fee contract and either providing evidence of the contract being recorded with the appropriate clerk of court or explaining why such a deficiency is not fatal to its claim.

New Orleans, Louisiana, this 23rd day of October 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[11] The Court notes that, as to this second condition, failure to record a contingency fee contract may be overcome by showing subsequent counsel had notice of the contract before the case was settled and prior counsel was discharged without cause. *F.Q. Hood, Jr., APLC v. Ashton*, 54,830 (La. App. 2d Cir. 1/11/23), 354 So. 854, 863-64.
[12] R. Doc. 7.